UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SERGIO JUAREZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | Civil Action No. 5:20-cv-00247-OLG |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

SERGIO JUAREZ ("Plaintiff"), Plaintiff herein, files this Original Petition against Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("ALLSTATE") and VERNON MARSHALL ("MARSHALL"), in support of PLAINTIFF's causes of action, would respectfully show the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff seeks monetary relief of $100,000 or less, and intends that discovery be conducted under Level 1 and affirmatively pleads that this suit is **governed by the expedited-actions process** in TRCP 169 because this suit involves only monetary relief totaling $100,000 or less, including damages of any kind, penalties court costs, expenses, prejudgment interest, and attorney fees. Plaintiff therefore, intends to conduct discovery pursuant to TRCP 190.2.

## II. CLAIM FOR RELIEF

2.      Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees. Tex. R. Civ. P.

47(c)(1). A jury, however, will ultimately determine the amount of monetary relief awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### III. THE PARTIES

3.       Plaintiff is a Texas resident who resides in BEXAR County, Texas.

4.       Defendant, ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by ALLSTATE in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

Defendant may be served by serving **its Registered Agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Service is requested by Certified Mail, Return Receipt Requested.**

### IV. JURISDICTION AND VENUE

5.       Venue is appropriate in BEXAR County, Texas because all or part of the conduct giving rise to the causes of action were committed in BEXAR County, Texas and the Plaintiff and property which is the subject of this suit are located in BEXAR County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code § 15.002.

### V. FACTS

6.       Plaintiff is the owner of a Texas Homeowners Policy (No. 000838709739)

(hereinafter referred to as "the Policy"), which was issued by ALLSTATE.

7. Plaintiff owns the insured property, which is specifically located 130 Meadow Trail Drive, San Antonio, Texas 78227-1639, (hereinafter referred to as "the Property").

8. ALLSTATE sold the Policy insuring the Property to Plaintiff.

9. During the terms of said Policy, on or about **MARCH 28, 2019**, under **Claim No. 0537998022** and **Policy No. 000838709739**, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that ALLSTATE cover the cost of repairs to the Property pursuant to the Policy. ALLSTATE failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

10. As detailed in the paragraphs below, ALLSTATE wrongfully undervalued and denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, ALLSTATE failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

11. Plaintiff subsequently filed a claim on its insurance policy. Defendant improperly underpaid the claim. Defendants did this by undervaluing the damage that was evident on the property.

12. Plaintiff requested that Defendant, ALLSTATE cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and exterior damages to the Property.

13. To date, ALLSTATE continues to delay in the payment for the damages to the Property.

14. ALLSTATE performed an outcome-oriented investigation of Plaintiff's claim,

which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

15. ALLSTATE failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. **Plaintiff's homeowners policy provides $120,653 in dwelling protection and $12,066 in other structures protection. Plaintiff's insurance policy provides for a windstorm and hail deductible. After the storm event caused damage to his property, Plaintiff filed a claim with ALLSTATE requesting that an inspection be done as there was damage to his property. ALLSTATE sent its adjuster to inspect Plaintiff's property and failed to properly inspect all damages.** Specifically, ALLSTATE refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. **Plaintiff submitted its § 542A.003 Notice letter and attached its repair estimate detailing all damages on his property as a result of the storm event which ALLSTATE acknowledged but ultimately did not respond to.** ALLSTATE's conduct constitutes a breach of the insurance contract between it and Plaintiff.

16. Pleading further, ALLSTATE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. **Prior to legal representation, ALLSTATE sent Plaintiff a letter where it found damages that were covered but which did not surpass Plaintiff's deductible. Plaintiff states he was told that it would be best for him to repair his roof out of pocket as the damages found did not exceed his deductible. Plaintiff was further told, that he could repair his roof for the amount of his deductible and it would be best for him to do**

**so instead. Plaintiff's roof is not repairable with $1,530.00 as not only is there extensive roof damage, there is exterior and interior damage as well.** ALLSTATE's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

17. ALLSTATE failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

18. ALLSTATE failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. **ALLSTATE instead sent its estimate to Plaintiff demonstrating that damages were found to his Roof, exterior, skylights, rain cap, exhaust cap, and included a nominal amount for labor costs. Totaling less than his deductible, which ALLSTATE states was $1,530.00.** Furthermore, ALLSTATE did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. ALLSTATE conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

19. ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

20.     Further, ALLSTATE failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

21.     ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

22.     From and after the time Plaintiff's claim was presented to ALLSTATE, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. **ALLSTATE acknowledged that damages on Plaintiff's property were a covered loss but ultimately determined that they did not surpass his deductible. ALLSTATE however fails to factor in damage to the interior of Plaintiff's home, and damage to his roof's decking. Plaintiff made an in-person claim stating that there was water damage to the interior of his home. Water stains had developed due to his leaking roof. Previous to the storm event, Plaintiff had not heard nor seen any leaks or water damage to his home. Plaintiff's roof decking has extensive water damage due to the storm event which is visible immediately upon inspection through the attic. Decking is basically the foundation of the roofing system. It is what sustains the roof to the house, and is usually (and as is the case here) is made of plywood. Once the decking on a roof shows water damage, the wood begins to rot, compromising the entire roofing system. Such result, makes a simple repair impossible. Plaintiff's estimate, which accounts for the total replacement of his roofing system, and which Plaintiff submitted to**

**ALLSTATE, factors in the cost of the full replacement. ALLSTATE did not assess Plaintiff's interior damage, which resulted in an improper inspection. ALLSTATE** has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. ALLSTATE's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23.  Additionally, ALLSTATE knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff. **Such misrepresentations would be, but are not limited to, telling Plaintiff that he was better off paying out of pocket for his repairs as the damages on his property were not more than $1,530 (his deductible).**

24.  Because of ALLSTATE's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## VI. CAUSES OF ACTION AGAINST ALLSTATE

### A.   BREACH OF CONTRACT

25.  ALLSTATE's conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.   UNFAIR SETTLEMENT PRACTICES

26.  ALLSTATE's conduct constitutes multiple violations of the Texas Insurance

Code, Unfair Settlement Practices: TX. INS. CODE § 541.060(a).

All violations under this article are made actionable by TEX. INS. CODE § 541.151.

27. ALLSTATE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

28. ALLSTATE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

29. ALLSTATE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation **(i.e. not properly inspecting all damages, both to the exterior and interior of Plaintiff's home)**, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.  THE PROMPT PAYMENT OF CLAIMS

30. ALLSTATE's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

31. ALLSTATE's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described

above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

32. ALLSTATE's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

33. ALLSTATE's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

#### I. Actionable Conduct of Defendant (ALLSTATE)

34. ALLSTATE's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts and constitutes bad faith.

35. ALLSTATE's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

36. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

37. Defendant **and its agent** violated § 541.051 of the Texas Insurance Code by:

> i. Making statements misrepresenting the terms and/or benefits of the policy. **Specifically, that the damages present after the storm event were not covered under the policy. ALLSTATE demonstrated this by only covering $1,399.45 of actual damages to Plaintiff's property, despite all**

**damages being caused by wind and hail during the storm event.**

38. Defendant violated § 541.060 by:

    i. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    iii. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    iv. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    v. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

39. Defendants violated § 541.061 by:

    i. Making an untrue statement of material fact **(i.e. Plaintiff was better off repairing out of pocket as damages covered did not exceed policy deductible)**;

    ii. Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    iii. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      iv. Making a material misstatement of law; and

      v. Failing to disclose a matter required by law to be disclosed.

40. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

41. Plaintiff alleges **ALLSTATE's agent** made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered peril. Said Defendant also misrepresented the true cost of repairing all of the damages caused by the covered peril, such as damages to the structure, interior architectural finishes, and other extra expenses associated with damage caused by the WIND/HAIL. Consequently, **ALLSTATE** significantly underpaid the claim to the detriment of the insured.

42. The **ALLSTATE's agent** acted with actual awareness that it was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under § 541.002, and therefore liable under § 541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff. **ALLSTATE has elected responsibility for its agent's liability. Thus, the** acts and omissions of the adjuster violate § 541 and § 541 of the Texas Insurance Code **and because it has elected responsibility, ALLSTATE is responsible** for Plaintiff's damages.

43. Further, **ALLSTATE** committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; **ALLSTATE's agent** undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. **Plaintiff alleged damages other than just his roof. As stated** *supra***, Plaintiff's property had interior damage as**

**well which was immediately identifiable upon a reasonable inspection. Under Plaintiff's policy, ALLSTATE states it will cover damages to the interior of Plaintiff's home if "wind or hail first damage[] the roof or walls and the wind forces rain . . . through the damaged roof or wall." Plaintiff's interior damage was a direct result of the damage caused to his roof due to the storm event. ALLSTATE acknowledges there was covered damage to Plaintiff's roof through its letter dated March 27, 2019. In that letter ALLSTATE allocates less than Plaintiff's deductible in damages. Because ALLSTATE agrees that there was covered damage/loss to Plaintiff's roof, Plaintiff's interior damage should also be covered as it is a direct result of the damaged roof. Yet, instead of doing so, ALLSTATE underpaid Plaintiff, and delayed** Plaintiff's ability to fully repair the insured property. **ALLSTATE, through its agent** conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. **ALLSTATE's** actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

## VII. KNOWLEDGE

44.     Each of the acts described above, together and singularly, was done "knowingly" by ALLSTATE as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff damages described herein.

## VIII. DAMAGES

45.     Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

46.     As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further

damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's claim in violation of the laws set forth above.

47. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

49. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as any penalties and interests per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

51. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. IN THE ALTERNATIVE

52. In addition, as to any exclusion, condition, or defense pled by ALLSTATE, Plaintiff would show that:

   a. The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

   b. In the alternative, any other construction of the language of the policy is void as against public policy;

   c. Any other construction and its use by ALLSTATE violate the Texas Insurance Code section 541 et. Seq. and is void as against public policy;

   d. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

   e. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

   f. In the alternative, ALLSTATE is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

   g. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X. DEMAND FOR JURY

53.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of this Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## XI. REQUEST FOR DISCOVERY

54.     Pursuant to the Texas Rules of Civil Procedure 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(k).

55.     You are also requested to respond separately to the attached Interrogatories, Request for Production, and Request for Admission, and responses must be served in compliance with Rule 194.4 of the Texas Rules of Civil Procedure, to the undersigned attorney **Perry J. Dominguez,** at **PERRY DOMINGUEZ LAW FIRM PLLC, 2101 NW Military Hwy, Castle Hills, Texas 78213**, within fifty (50) days after service.

Defendants are further notified of the duty under the Texas Rules of Civil Procedure to supplement discovery answers and responses if the answer or response was incorrect when made; or if the answer or response, though correct when made, is no longer correct, true, or complete.

## XII. MISCELLANEOUS

**56.     In addition, as to any exclusion, condition, or defense pled by ALLSTATE, Plaintiff' would show that:**

**The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs claim, including the cost of access to fix the damages;**

**In the alternative, any other construction of the language of the policy is void as against public policy;**

15

**Any other construction and its use by ALLSTATE violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;**

**Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.**

**In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;**

**In the alternative, ALLSTATE is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;**

**In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.**

### XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against Defendants, to which Plaintiff may be justly entitled.

Respectfully submitted,

BY:   */s/ Perry J. Dominguez*

PERRY J. DOMINGUEZ, II
Federal Bar No. 690067
State Bar No. 24055414
Email: perry@pdattorney.com
*Attorney-in-Change*

**PERRY DOMINGUEZ LAW FIRM PLLC**
2101 NW Military Highway
San Antonio, Texas 78213
Telephone:  (210) 562-2879
Facsimile:  (210) 570-2322

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on opposing counsel in compliance with the Federal Rules of Civil Procedure through the CM/ECF filing system on June 24, 2020 to:

**Valdez & Treviño**
Michael M. Novak
Robert E. Valdez
Attorneys at Law, P.C.
Callaghan Tower
8023 Vantage r., Suite 700
San Antonio, Texas 78230
revaldez@valdeztrevino.com
mnovak@valdeztrevino.com

BY:     ***/s/ Perry J. Dominguez***
          PERRY J. DOMINGUEZ, II
          Federal Bar No. 690067
          State Bar No. 24055414